IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:22-CV-01132-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 9.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff fails to argue that appointment of counsel is warranted because he is unable to articulate his claims on his own due to the complexity of the legal issues in dispute or that there is a likelihood of success on the merits. See ECF No. 9. Instead, Plaintiff requests "if possible, [to] assign [Plaintiff] a counsel appointment" without any factual support regarding extraordinary need. Id.

A review of the filings to date indicates that Plaintiff can articulate his claims on his own, inasmuch as he independently prepared and filed a civil rights complaint, motion to proceed in forma pauperis, and requested the assistance of counsel. Further, at this stage of the proceedings, it cannot be said that Plaintiff has established a particular likelihood of success on the merits; discovery has not been conducted and there is no evidence presently before the Court to allow for an evaluation of the merits or complexity of the matters at issue. As such, exceptional circumstances warranting the appointment of counsel do not currently exist.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 9, is denied.

Dated: September 12, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE