1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   FRANCISCO MERINO,                          No.  2:22-CV-1132-DMC-P

12                  Plaintiff,

13        v.                                     <u>ORDER</u>

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
15
                    Defendants.
16

17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

20            The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

23   initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

24   <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

25   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

26   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

27   28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

28   complaints contain a ". . . short and plain statement of the claim showing that the pleader is

                                          1

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

# I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) California Department of Corrections and Rehabilitation (CDCR); (2) Dr. Arya, a physician at California State Prison – Sacramento; and (3) Dr. Shagufta, a physician at California State Prison – Sacramento.  See ECF No. 1, pgs. 1-2.  Plaintiff alleges that "[s]ince 1999," he has not received adequate medical care while in prison.  See id. at 3.  Plaintiff alleges that he has taken numerous medications, but his condition remains the same and that he is alive only by a miracle. See id.  Plaintiff explicitly alleges negligence and ignorance of medical staff.  See id. at 3, 4.

# II.  DISCUSSION

As discussed below, Plaintiff's complaint suffers from a number of defects.  First, Plaintiff cannot proceed against the CDCR because it is immune under the Eleventh Amendment.  Second, Plaintiff fails to link either named defendant to a constitutional violation.  Third, Plaintiff cannot state a cognizable claim under the Eighth Amendment based on negligence.

## A.    **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

1  of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

2  Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state

3  agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

4  (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

5        Here, because the CDCR is an arm of the State of California responsible for

6  incarceration, it is immune.

7    **B.    Causal Link**

8        To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

9  connection or link between the actions of the named defendants and the alleged deprivations.  See

10  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

11  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

12  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

13  an act which he is legally required to do that causes the deprivation of which complaint is made."

14  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

15  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

16  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

17  specific facts as to each individual defendant's causal role in the alleged constitutional

18  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

19        Plaintiff names Drs. Arya and Shagufta as defendants but does not mention either

20  in his statement of alleged facts.  Plaintiff will be provided an opportunity to amend in order to

21  explain how each named defendant participated in a violation of Plaintiff's constitutional rights.

22    **C.    Eighth Amendment Claim**

23        The treatment a prisoner receives in prison and the conditions under which the

24  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

25  and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

26  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

27  of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

28  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

3

1    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

2    "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

3    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

4    two requirements are met: (1) objectively, the official's act or omission must be so serious such

5    that it results in the denial of the minimal civilized measure of life's necessities; and (2)

6    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

7    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

8    official must have a "sufficiently culpable mind."  See id.

9            Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

10   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

11   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

12   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by

13   Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to

14   treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

15   wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

16   on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

17   also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness

18   are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

19   whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

20   condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

21   1131-32 (9th Cir. 2000) (en banc).

22           The requirement of deliberate indifference is less stringent in medical needs cases

23   than in other Eighth Amendment contexts because the responsibility to provide inmates with

24   medical care does not generally conflict with competing penological concerns.  See McGuckin,

25   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

26   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

27   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

28   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

4

1     treatment, or interference with medical treatment, may also constitute deliberate indifference. <u>See</u>

2     <u>Lopez</u>, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

3     that the delay led to further injury. <u>See McGuckin</u>, 974 F.2d at 1060.

4             Negligence in diagnosing or treating a medical condition does not, however, give

5     rise to a claim under the Eighth Amendment. <u>See Estelle</u>, 429 U.S. at 106.  Moreover, a

6     difference of opinion between the prisoner and medical providers concerning the appropriate

7     course of treatment does not give rise to an Eighth Amendment claim. <u>See Jackson v. McIntosh</u>,

8     90 F.3d 330, 332 (9th Cir. 1996).

9             Plaintiff expressly states his claims are based on the negligence of medical

10     personal.  If so, his claims are not cognizable.  To the extent Plaintiff can allege facts to establish

11     deliberate indifference to his medical needs under the standards outlined above, Plaintiff will be

12     provided an opportunity to amend.

13

14                         **III.  CONCLUSION**

15             Because it is possible that some of the deficiencies identified in this order may be

16     cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the

17     entire action. <u>See Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff

18     is informed that, as a general rule, an amended complaint supersedes the original complaint. <u>See</u>

19     <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

20     amend, all claims alleged in the original complaint which are not alleged in the amended

21     complaint are waived. <u>See King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

22     Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

23     Plaintiff's amended complaint complete. <u>See</u> Local Rule 220.  An amended complaint must be

24     complete in itself without reference to any prior pleading. <u>See id.</u>

25             If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

26     conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. <u>See</u>

27     <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

28     each named defendant is involved, and must set forth some affirmative link or connection

1    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

2    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3              Because some of the defects identified in this order cannot be cured by

4    amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

5    has the following choices: (1) Plaintiff may file an amended complaint which does not allege the

6    claims identified herein as incurable, in which case such claims will be deemed abandoned and

7    the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which

8    continues to allege claims identified as incurable, in which case the Court will issue findings and

9    recommendations that such claims be dismissed from this action, as well as such other orders

10   and/or findings and recommendations as may be necessary to address the remaining claims.

11             Finally, Plaintiff is warned that failure to file an amended complaint within the

12   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

14   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

15   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16             Accordingly, IT IS HEREBY ORDERED that:

17             1.      Plaintiff's complaint is dismissed with leave to amend; and

18             2.      Plaintiff shall file a first amended complaint within 30 days of the date of

19   service of this order.

20

21   Dated:  January 24, 2023

22                                                    _____
                                                      DENNIS M. COTA
23                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

6