IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | No. 2:22-CV-01132-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ARYA, et al., | |
| Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 22. Plaintiff's prior motion was denied on September 13, 2022, ECF No. 10.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See <u>Terrell</u>, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff states that he is incarcerated, has a mental disorder and vision impairment, and has a limited understanding of English.  Plaintiff has not provided any documentation describing the limitations, if any, his mental disorder and vision impairment pose on his ability to proceed in this case.  Further, a review of the docket reflects that, despite Plaintiff's impairments, he has been able to articulate his claims on his own.  As described in the Court's January 23, 2024, order directing service of process, Plaintiff has been able to present the Court with a complaint stating cognizable claims, which are neither factually nor legally complex.  Finally, at this stage of the proceedings before an answer has been filed or any discovery has been conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No. 22, is denied, without prejudice to a renewed request with additional supporting detail.

Dated:  March 8, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE