IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARYA, et al.,<br><br>　　　　　Defendants. | No.  2:22-CV-1132-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 27.  Defendants argue that Plaintiff's allegations, even if taken as true, fail to state a claim under the Eighth Amendment.  See ECF No. 27-1 at 1.  Plaintiff has not filed an opposition.

   In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on June 29, 2022. See ECF No. 1. On January 25, 2023, the original complaint was dismissed with leave to amend. See ECF No. 12 at 2. Plaintiff filed his first amended complaint on March 6, 2023. See ECF No. 14. On April 15, 2024, Defendants filed the motion to dismiss that is currently pending before the Court. See ECF No. 27.

### B. Plaintiff's Allegations

The events underlying the complaint occurred while Plaintiff was a prisoner at California State Prison – Sacramento (CSP-Sac). See ECF No. 14 at 1. Plaintiff names Dr. Arya and Dr. Shagufta as defendants, medical providers at the California Department of Corrections and Rehabilitation (CDCR). See id.

Plaintiff claims that, between 2020 and 2023, Dr. Arya never properly treated Plaintiff for his serious, progressive diseases. See id. at 3. Dr. Arya referred Plaintiff to a different doctor, Dr. Shagufta, who also did not know how to treat Plaintiff. See id. As a result, Plaintiff and his diseases were ignored. See id.

Plaintiff also alleges that Defendants experimented on him with different drugs, beginning with Dr. Arya "giving [Plaintiff] a bunch of pills." Id. After these medications proved to be ineffective and Plaintiff kept feeling sick, Dr. Arya referred Plaintiff to Dr. Shagufta. See id. Under Dr. Shagufta's care, Plaintiff was allegedly experimented further "with a bunch of pills." Id. Plaintiff asserts that proper medical treatment was delayed, never given, and interfered with. See id. Defendants' actions and inactions allegedly worsened Plaintiff's overall medical condition. See id.

///

## II. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's complaint contains legally conclusory statements that lack supporting factual allegations, in violation of Federal Rule of Civil Procedure 8. Defendants also assert that the complaint fails to state a claim under the Eighth Amendment.

### A.   Rule 8

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Here, Defendants argue that Plaintiff's complaint contains legally conclusory statements that are not supported by factual details. See ECF No. 27-1 at 4. The Court agrees. In his amended complaint, Plaintiff makes claims such as, "[Defendants] both omitted to perform an act which they were legally required to do," "I'm even sicker now due to the bad actions of [Defendants]," and "there is delay in providing me the proper treatment … and interference with medical treatment as well." See ECF No. 14 at 3, 5. These allegations, while serious, are not supported by factual details and are therefore legally conclusory. See Iqbal, 129 S. Ct. at 1949-50. Because the defect identified above may be cured through amendment, Plaintiff should be provided leave to amend.

### B.   Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants argue that, because the amended complaint relies on legally conclusory statements, Plaintiff fails to allege the required subjective element of deliberate indifference, which requires a "sufficiently culpable mind." Farmer, 511 U.S. at 834. See ECF No. 27-1 at 3. Plaintiff alleges that Defendants caused interference and delay in providing the proper medical treatment, which may constitute deliberate indifference in some cases. See Lopez, 203 F.3d at 1131. However, as Defendants point out in their motion and discussed above, the amended complaint fails to establish specific, supporting facts that would show a deliberate delay or interference in medical treatment. See ECF 27-1 at 3-4. Legally conclusory statements not supported by factual allegations cannot be accepted as true, so the absence of factual details as to the subjective element necessarily means that Plaintiff's amended complaint fails to state a claim. See Iqbal, 129 S. Ct. at 1949-50. Plaintiff should be provided leave to amend consistent with the legal principles outlined in this order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

   1.   It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

   2.   It is RECOMMENDED that Defendants' unopposed motion to dismiss, ECF No. 27, be GRANTED and that Plaintiff's first amended complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 15, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7