IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO,<br><br>   Plaintiff,<br><br>   v.<br><br>ARYA, et al.,<br><br>   Defendants. | No.  2:22-CV-1132-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, ECF No. 36.  Defendants argue that Plaintiff's allegations, even if taken as true, fail to state a claim under the Eighth Amendment.  See ECF No. 36-1, pg. 1.  Plaintiff has not filed an opposition.

        In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9    allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10   complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17   to relief." Id. (quoting Twombly, 550 U.S. at 557).

18   In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19   outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21   documents whose contents are alleged in or attached to the complaint and whose authenticity no
22   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23   and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26   1994).
27   / / /
28   / / /

2

1	    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
2	amendment can cure the defects." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per
3	curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A.  **Procedural History**

    Plaintiff initiated this action with a pro se complaint filed on June 29, 2022. <u>See</u> ECF No. 1. On January 25, 2023, the original complaint was dismissed with leave to amend. <u>See</u> ECF No. 12 at 2. Plaintiff filed his first amended complaint on March 6, 2023. <u>See</u> ECF No. 14. On April 15, 2024, Defendants filed a motion to dismiss the first amended complaint. <u>See</u> ECF No. 27. On November 8, 2024, the Court granted the motion to dismiss with leave to amend. <u>See</u> ECF No. 34. Subsequently, Plaintiff filed his second amended complaint on December 5, 2024. <u>See</u> ECF No. 35. On December 26, 2025, Defendants filed the pending motion to dismiss. <u>See</u> ECF No. 36.

### B.  **Plaintiff's Allegations**

    Plaintiff claims that, from June 2021 and onward, he saw Dr. Arya numerous times to be treated for his diseases. <u>See</u> ECF No. 35, pg. 2. Over the span of three years, Plaintiff recollects seeing Dr. Arya 15 times. <u>See id.</u> According to Plaintiff, Dr. Arya referred Plaintiff to a different doctor, Dr. Shagufta, who "denied [Plaintiff] medical treatment over a long period of time" because Dr. Shagufta also did not know how to treat Plaintiff's medical conditions. <u>Id.</u> at 3. As a result, Plaintiff's medical conditions worsened. <u>See id.</u>

    Plaintiff alleges that Dr. Arya told an officer to take away Plaintiff's cane, which was provided by a prior doctor. <u>See id.</u> at 5. Plaintiff says this further caused low back, right knee, and right foot injuries. <u>See id.</u> Plaintiff asserts he now has to use a walker due to the cane being taken away as per Dr. Arya's instructions. <u>See id.</u> Plaintiff also alleges Dr. Arya experimented on him with different drugs, beginning with Dr. Arya treating Plaintiff's diseases "with the wrong medication, and, waiting and waiting years to treat [Plaintiff] with the right medications." <u>Id.</u> at 7. Plaintiff's complaints of the medication not helping was met by "verbally abusing" him. <u>Id.</u>

3

Plaintiff asserts he was referred to Dr. Shagufta by Dr. Arya. See id. at 3. Plaintiff asserts there was failure by both doctors to adequately treat his diseases. See id. at 3-4. Defendants' actions and inactions allegedly worsened Plaintiff's overall medical condition. See id. at 4.

## II.  DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's second amended complaint contains contradictory factual allegations that are vague and do not provide Defendants with fair notice of their actions that led to the alleged constitutional violation, in violation of Federal Rule of Civil Procedure 8. Defendants also assert that the complaint fails to allege sufficient facts to show a violation of Plaintiff's Eighth Amendment right.

### A.  Rule 8

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Here, Defendants argue that Plaintiff's complaint does not provide Defendants with fair notice of their actions that led to the alleged constitutional violation. See ECF No. 36-1 at 3. The Court disagrees. In his amended complaint, Plaintiff makes claims indicating his visits to Dr. Arya and Dr. Shagufta, the outcome of many of these visits, and his continued health problems. See ECF No. 35. These allegations are supported by enough factual details to satisfy the minimum requirements of Federal Rule of Civil Procedure Rule 8. See Iqbal, 129 S. Ct. at 1950. Because Defendants have been put on notice through Plaintiff's second amended complaint, Defendants motion to dismiss for failure to comply with Rule 8 should be denied. The Court also notes that, in arguing that Plaintiff's claims essentially present nothing more than

negligence claims (discussed below), Defendant appear to be adequately aware of the nature of Plaintiff's allegations.

**B.     Eighth Amendment**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants argue that Plaintiff's second amended complaint relies on conclusory statements and fails to allege subjective deliberate indifference. See ECF No. 36-1 at 5-6. Plaintiff alleges that Defendants caused delay in providing the proper medical treatment, which may constitute deliberate indifference in some cases. See Lopez, 203 F.3d at 1131. However, the Court agrees with Defendants that the second amended complaint fails to allege supporting facts that would show a deliberate delay. See ECF No. 36-1 at 5. More specifically, Plaintiff's allegations reflect that he was in fact provided treatment by both doctors. Plaintiff alleges that he was seen by both doctors on numerous occasions but that they did not adequately treat his medical conditions. This allegation indicates that Plaintiff was in fact provided some level of treatment and undercuts the claim that Defendants were deliberately indifferent. As to use of a cane, while Plaintiff asserts that Dr. Arya ordered the cane discontinued, Plaintiff's challenge amounts to a difference of medical opinion as to the necessity of a cane. Similarly, Plaintiff challenge to the prescription of various medications, which Plaintiff asserts did not adequately treat his conditions,

6

amounts to a difference of medical opinion regarding appropriate medication. These allegations also undercut the subjective element of an Eighth Amendment claim.

Because Plaintiff has provided more detail in his second amended complaint than the first amended complaint, which was the subject of a prior motion to dismiss and order granting leave to amend, the Court will once again recommend that Plaintiff be provided one further opportunity to amend to allege facts, if they exist, showing that either defendant was deliberately indifferent to Plaintiff's medical needs.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 36, be granted and that the second amended complaint be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE